[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10500
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00240-WWB-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY ARONOFSKY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 26, 2021)

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Stephen J. Langs, appointed counsel for Jeffrey Aronofsky in this direct criminal appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct.  Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED**, and Aronofsky's conviction and sentence are **AFFIRMED**.

JORDAN, Circuit Judge, dissenting.

With respect, I dissent. I would not allow counsel to withdraw and would not affirm under *Anders v. California*, 386 U.S. 738 (1967).

The district court sentenced Mr. Aronofsky to 20 years in prison, which was about 2 ½ years above the top of the advisory guideline range. *Anders* is concerned with frivolous appeals, *see Smith v. Robbins*, 528 U.S. 259, 272 (2000), and I don't think that an appeal of the upward variance would be frivolous. It would certainly be difficult given this court's precedents, but it would not "lack[ ] an arguable basis either in law or fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The reasonableness of a sentence, particularly a sentence based upon an upward variance, requires an individualized inquiry. Mr. Aronofsky's counsel submits in his motion to withdraw that the 20-year sentence here "may arguably" be substantively unreasonable, and I would direct him to brief that issue. *See id.* at 329 ("not all unsuccessful claims are frivolous").